UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN RE:                                                                CHAPTER 11

CASABELLA CONTRACTING OF N.Y., INC.                                   CASE NO. 22-

DEBTOR
-----------------------------------------------------------------X

### DECLARATION OF LAURA MARCELA PIGNATARO FOR CHAPTER 11 DEBTOR PURSUANT TO LR 1007-2

**I, LAURA MARCELA PIGNATARO**, make this declaration pursuant to 28 U.S.C. § 1746:

I am the President and sole owner of 100% of the shares of the debtor and debtor-in-possession Casabella Contracting of N.Y., Inc. (the "Debtor" or "Casabella") herein. I am personally familiar with all the matters set forth below.

**Local Rule 1007-2(a)(1):**     **Circumstances Leading to Debtor's Chapter 11 Filing**

1.      The Debtor is a New York Corporation organized under the laws of the State of New York that was founded by its principal Laura Marcela Pignataro on October 24, 2011. The Debtor is a construction and general contracting company that performs residential and commercial building renovations, carpentry, floor work, commercial construction, drainage contracting, and excavation contracting. As the Debtor's principal, I managed and maintained the Debtor's projects and daily business operations. My estranged husband Frank Pignataro was employed by the Debtor and assisted me in managing the Debtor's daily business operations.

The Debtor is also certified as a Minority/Women/Disadvantaged Business Enterprise M/W/DBE, and qualified to perform Commercial and State Funded Projects in the New York Metro Area. Using its M/W/DBE certifications, the Debtor procured construction contracts with many of New York's prominent government agencies such as the DEP (Department of Environmental Protection) and OGS (Office of General Services). In addition, the Debtor began performing prevailing rate jobs and entered into collective bargaining agreements with approximately nine (9) trade unions in New York.

Casabella continued to grow and from 2012 to 2019, it maintained a staff from fifteen (15) to fifty (50) employees, with an office and mobile of staff ranging from six (6) to nine (9) employees. The Debtor utilized the Women Minority Disadvantaged Business Certifications which allowed it to make bid and secure contracts for NY State and Federal projects.

In 2014, Casabella entered into its first contract with Tappan Zee Constructors which entailed a small Salvage/ Demolition/ Relocation on the Westchester County side of the Tappan Zee Bridge. This project grew and led to numerous change orders being added to the base contract, which allowed Casabella to increase its earnings. This led to the Casabella being given more work form Tappan Zee Constructors. The payment terms for this first contract were net 15, making it great to stay on top of payroll, unions and paying vendors.

In March of 2017, Casabella was awarded the contract for Prime Contractor for the construction of the new State Police Facility. This contract amount was $17,984,836.00. As the Prime Contractor, Casabella oversaw and managed the projects being undertaken by various sub-contractors, further contributing to Casabella's growth in the industry. Casabella's saw its gross receipts steadily climb in 2017, ($9,275.539.00), 2018 ($10,297,61.00), and 2019 ($17,693,483.00).

Coincidentally, in or about September 28, 2017, Mr. Pignataro incorporated Casabella Landscaping, Inc. Casabella Landscaping performed residential and commercial landscaping jobs, snow removal, and small construction projects. Mr. Pignataro is the President and sole owner of 100% of the shares of Casabella Landscaping.

In 2019, the Debtor's principal and her estranged husband Frank Pignataro, began to experience marital problems that put a strain on the Debtor's day-to-day business operations. As a result, Mr. Pignataro began to interfere with the Debtor's daily operations in an attempt to expand his influence and exercise control over the Debtor's principal and the Debtor's contracted projects. For example, Mr. Pignataro scheduled meetings with contractors, project managers, union members and foreman in secret, and without Debtor's principal being present. Mr. Pignataro's actions led to a breakdown in communication between the Debtor's principal and her staff which had a detrimental effect on the management of the Debtor's works in progress.

In or about 2019, the Debtor's bonding company Hudson Insurance Company ("Hudson") assumed control of the Lehman College project ($2,893,872.00).

In March of 2020, the Debtor was subject to numerous work stoppages that continued to the present date. The majority of these work stoppages were the result of the Covid-19 pandemic, rising construction material costs, and supply chain issues that hindered the Debtor's ability to realize profits from its projects. As a result, later in 2020, Hudson assumed control of the Warwick Fire District Project ($2,707,573.00), and the Town of Mount Pleasant Water Main Project ($1,813,379.00).

On or about April 27, 2020, the Debtor received a Paycheck Protection Program ("PPP") loan in the amount of $1,361,412.00, from the Small Business Administration ("SBA"). The Debtor PPP loan was forgiven.

On or about January 20, 2021, the Debtor received a PPP loan in the amount of $1,361,412.00, from the SBA. Upon information and belief, the Debtor has applied for its PPP loan to be forgiven.

The Covid-19 pandemic intensified the Mr. and Mrs. Pignataro's marital troubles and ultimately, on August 13, 2021, Mr. Pignataro filed an action for divorce in the Westchester County Supreme Court.

On September 24, 2021, Hon. Lewis J. Lubell, J.S.C. appointed Frank Pignataro the temporary Receiver of the Debtor. Judge Lubell is the presiding judge in the pending divorce case, *Frank Pignataro v. Laura M. Pignataro*, in the Supreme Court of the State of New York, County of Westchester, Index No. 61117/2021. The law firm of Mackey, Butts, & Whalen, LLP is the attorney for the receiver.

Since the appointment of Mr. Pignataro as temporary receiver, no less than thirteen (13) lawsuits have been filed against the Debtor. Mr. Pignataro has banned Debtor's principal from the Debtor's office location, changed the login information and passwords for accessing the Debtor's online bank accounts, financial records, payroll accounts, and all other electronically stored information of the Debtor.

In addition, Mr. Pignataro has sold and transferred assets of the Debtor for less than market value, and without obtaining approval from the state court. Upon information and belief, Mr. Pignataro has moved many of the Debtor's motor vehicles, pick-up trucks, and excavators from the yard where they were previously stored to an undisclosed location. Upon information belief, Mr. Pignataro has sold, transferred, or otherwise disposed of the Debtor's tools, and construction equipment for less than market value. Upon information and belief, Mr. Pignataro has transferred the Debtor's tool, construction equipment, motor vehicles, pick-up trucks, and excavators to his company Casabella Landscaping without providing consideration to the Debtor.

The Debtor filed this bankruptcy case to prevent the temporary receiver, Frank Pignataro from misappropriating, converting, and transferring the Debtor's assets without receiving fair consideration to the detriment of the Debtor with reckless abandon. Mr. Pignataro has abused his position as temporary receiver, and utterly failed to remain neutral and unbiased. In addition, Mr. Pignataro has refused to provide the Debtor, among other things:

    i. Current Accounts Receivable
    ii. Current Accounts Payable
    iii. Current Balance Sheet
    iv. Access to QuickBooks
    v. Access to Dropbox
    vi. Access to the bank Accounts (General, Payroll, Money Market)
    vii. Status on Taxes with backup

The Debtor filed this bankruptcy case to successfully reorganize its debts and emerge as a profitable construction company.

**Local Rule 1007-2(a)(2)**:

2. This case was not originally commenced under chapter 7 or chapter 13.

**Local Rule 1007-2(a)(3)**:

3. No creditors' committee was organized prior to the date of the entry of the order of relief in this case.

**Local Rule 1007-2(a)(4)**:

4. A list of the names, addresses, and claims information of the Debtor's 20 largest unsecured creditors, excluding insiders, was filed with the Debtor's voluntary petition on Official Form 204 and Schedule F. (Annexed hereto as **Exhibit "A"** is a copy of the Debtor's 20 largest unsecured creditors).

**Local Rule 1007-2(a)(5)**:

5. The Debtor's secured creditors are listed on Schedule D of the Debtor's voluntary petition.

**Local Rule 1007-2(a)(6)**

6. A Summary of the Debtor's Assets and Liabilities are set forth in Official Form 206Sum filed with the Debtor's petition.

**Local Rule 1007-2(a)(7)**

7. No securities of the Debtor are publicly held.

**Local Rule 1007-2(a)(8)**

8. On September 24, 2021, Hon. Lewis J. Lubell, J.S.C. granted Frank Pignataro the temporary Receiver of the Debtor. Judge Lubell is the presiding judge in the pending divorce case, *Frank Pignataro v. Laura M. Pignataro*, in the Supreme Court of the State of New York, County of Westchester, Index No. 61117/2021.

**Local Rule 1007-(2)(a)(9)**

9. The Debtor operates its business from 182 Lindsey Avenue, Buchanan, NY 10511.

**Local Rule 1007-(2)(a)(10)**

10. The Debtor's books and records are located at 182 Lindsey Avenue, Buchanan, NY 10511. The Debtor has no assets outside of the Territorial United States.

**Local Rule 1007-2(a)(11)**

    11.    The pending legal actions against the Debtor are as follows:

- *Belway Electrical Contracting Corp. v. Casabella Contracting of NY, Inc. et al*, Index No. 64907/2021, Westchester County Supreme Court
- *In the Matter of Jersen Construction Group, LLC v. Casabella Contracting of N.Y., Inc., et al*, Saratoga County Supreme Court, Index NO. EF2022318
- *Marjam Supply Company v. Casabella Contracting of NY, Inc. et al*, Bronx County Supreme Court, Index No. 814691/2021E
- *LMD Hauling, LLC v. Casabella Contracting of NY Inc. et al*, Dutchess County Supreme Court, Index No. 2022-50074,
- *The Sherwin-Williams Company v. Casabella Contracting of N.Y., Inc., et al*, Monroe County Supreme Court, Index No. E2022001050,
- *Local #46 Metallic Lathers Union and Reinforcing Ironworkers of New York and Vicinity of the International Association of Bridge, Structural, Ornamental, and Reinforcing Ironworkers et al v. Casabella Contracting of N.Y., Inc. et al*, Index No. 601792/2022, Nassau County Supreme Court, Special Proceedings - CPLR Article 75
- *TruFund Financial Services, Inc. v. Casabella Contracting of NY, Inc. et al*, Index No. 65124
- *Oldcastle Infrastructure, Inc. v. Casabella Contracting of NY, Inc. et al*, Index No. EF007003-2021, Orange County Supreme Court,
- *Belway Electrical Contracting Corp. v. Casabella Contracting of NY, Inc.*, Index No. 65434/2021
- *Capital Supply Construction Products LLC v. Casabella Contracting of NY, Inc. et al*, Index No. 55574/2022
- *Erection & Welding Contractors, LLC v. Casabella Contracting of NY, Inc. et al*, Westchester County Supreme Court, Index No. 57965/2019,
- *Yaboo Fence Co., Inc. v. Casabella Contracting of New York, Inc. et al*, Westchester County Supreme Court, Index No. 64213/2021,
- *Thalle Industries, Inc. v. Casabella Contracting of New York, Inc.*, Westchester County Supreme Court, Index No. 67065/2021
- *Koski Trucking, Inc. v. Casabella Contracting of New York, Inc. et al*, Index No. 66424/2021, Westchester County Supreme Court
- *Laborers Local Union 754 & Local 754 Joint Benefits Funds V. Casabella Contracting/Frank Pignataro*, Case No. 21-cv-09327 (KMK), USDC, SDNY
- *Teamsters Local 456 Pension V. Casabella Contracting/Frank Pignataro*, Case No. 21-cv-07311 (VB), USDC, SDNY
- *Trustees of the Local 806 Structural Steel…et al., V Casabella., et al*, 21-cv-09249 (NSR), USDC, SDNY
- *Board of Trustees of Westchester Putnam Counties H&H laborers' local No. 60 Pension Fund, et al. V. Casabella,* Case No. 21-cv-08285 (KMK)

**Local Rule 1007-2(a)(12)**

12. The Debtor's principal and 100% shareholder is Laura Marcela Pignataro

**Local Rule 1007-2(b)(1) and (b)(2)**

13. As a result of the temporary receiver's refusal to disclose any information about the Debtor's daily operations for nearly seven (7) months, the Debtor is unable to determine the exact number of employees it has; therefore, it is unable to determine whether it anticipates payroll during the thirty (30) days following the petition date.

**Local Rule 1007-2(b)(3)**

14. At this time, the Debtor is unable to determine whether it will be operating at a profit or deficit as result of the receiver's failure to remain neutral and disclose the Debtor's daily operations to its principal.

The Debtor reserves the right to amend this declaration at any time, after the initial filing date.

Pursuant to 28 U.S.C.§ 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: _____, New York
April\_\_\_\_\_, 2022

_____
Laura Marcela Pignataro, President
Casabella Contracting of N.Y., Inc.
*Debtor and/or debtor-in-possession*

6