James J. Rufo, Esq.
The Law Office of James J. Rufo
*Proposed Attorney for Debtor*
1133 Westchester Avenue, Suite N-202
White Plains, NY 10604
(914) 600-7161
jrufo@jamesrufolaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

IN RE:                                                                  CHAPTER 11

   CASABELLA CONTRACTING OF N.Y., INC.            CASE NO. 22

                            DEBTOR
-----------------------------------------------------------------X

**APPLICATION FOR AN ORDER AUTHORIZING CASABELLA CONTRACTING OF N.Y., INC.'S RETENTION OF THE LAW OFFICE OF CHARLES A. HIGGS AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO APRIL 25, 2022**

TO:   HONORABLE _____
        UNITED STATES BANKRUPTCY JUDGE:

The Application of Casabella Contracting of N.Y., Inc., the debtor and/or debtor-in-possession (the "Debtor" and/or "Debtor-in-Possession"), for its application to retain Charles A. Higgs, Esq. of the Law Office of Charles A. Higgs, Esq. ("Charles A. Higgs") as special litigation counsel for the Debtor *nunc pro tunc* to April 25, 2022, respectfully represents:

**JURISDICTION**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1408 and 1409.

## BACKGROUND

4. On April 25, 2022, (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

5. The Debtor continues to operate and manage its business affairs.

6. No Committee of Unsecured Creditors has been appointed.

7. No Chapter 11 trustee has been appointed.

## RELIEF REQUESTED

8. The Debtor seeks the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327(e) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 6003 and Local Rules 2014-1 and 2016-1 authorizing the employment and retention of The Law Office of Charles A. Higgs to act as special litigation counsel for the Debtor *nunc pro tunc* to the Petition Date, April 25, 2022.

9. The Debtor seeks retention of Charles A. Higgs, based on his familiarity with this case, his familiarity with the issues to be litigated, and his knowledge and experience in the area of bankruptcy law, specifically as applied to the facts of this case.

10. The Debtor does not believe that Charles A. Higgs holds any interests adverse to the Debtor. To the best of the Debtor's knowledge, Charles A. Higgs has no connection with the Debtor's creditors or any other party in interest or their respective attorneys.

11. The Debtor's Principal and 100.00% shareholder, Laura Marcela Pignataro paid the Law Office of Charles A. Higgs pre-petition retainer of $5,000.00 in connection with bankruptcy litigation related to this Chapter 11 case. The Debtor desires to retain the Charles A. Higgs as its special litigation counsel. The hourly rates typically charged by Charles A. Higgs is

$400.00. The Law Office of Charles A. Higgs reserves his right to petition the Court in the future for fees.

### GROUNDS FOR RELIEF

12. Section 327(e) of the Bankruptcy Code provides that a debtor, subject to court approval:

> "The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

11 U.S.C. § 327(e).

13. Bankruptcy Rule 2014(a) requires that an application for retention include:

> "[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."

Fed. R. Bankr. P. 2014(a).

14. The Debtor believes that the employment of Charles A. Higgs, Esq. as special litigation counsel to the Debtor is in the best interests of the Debtor and the bankruptcy estate and desires to employ Charles A. Higgs, Esq., with compensation to be determined upon application to this Court.

**WHEREFORE**, for the reasons set forth herein the Debtor respectfully requests that the Court enter an order, authorizing and approving the retention and employment of Charles A. Higgs, Esq. as special litigation counsel for the Debtor and Debtor-in-Possession *nunc pro tunc*

to April 25, 2022, in this case and granting such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
April 2, 2022

_____
Laura Marcela Pignataro, President
Casabella Contracting of N.Y., Inc.
*Debtor and/or debtor-in-possession*

Sworn to before me on this
22nd day of April 2022

_____
Notary Public

JAMES JOHN RUFO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RU6413211
Qualified in Bronx County
My Commission Expires 03-22-2025

4