James J. Rufo, Esq.
The Law Office of James J. Rufo
*Proposed Attorney for Debtor*
1133 Westchester Avenue, Suite N-202
White Plains, NY 10604
(914) 600-7161
jrufo@jamesrufolaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| CASABELLA CONTRACTING OF N.Y., INC., | CASE NO. 22-22205 (SHL) |
| DEBTOR | |

-------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER HOLDING FRANK PIGNATARO AS RECEIVER IN CONTEMPT FOR VIOLATING THIS COURT'S ORDER, DATED MAY 4, 2022, SANCTIONING FRANK PIGNATARO AS RECEIVER, AND AWARDING TO DEBTOR ITS ATTORNEYS' FEES, COSTS, AND DISBURSEMENTS PURSUANT TO RULES 9014 AND 9020 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND 11 U.S.C. § 105(a)**

**PRELIMINARY STATEMENT**

James J. Rufo, Esq., of The Law Office of James J. Rufo, proposed attorney for the debtor and debtor-in-possession Casabella Contracting of N.Y., Inc. (the "Debtor"), respectfully submits this Memorandum of Law in Support of Debtor's Motion for an Order Holding Frank Pignataro as Receiver in Contempt of this Court's Temporary Restraining Order (the "TRO"), dated May 4, 2022, Sanctioning Frank Pignataro as Receiver (the "Receiver"), and Awarding to the Debtor its attorneys' fees, costs, and disbursements pursuant to Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 105(a). It is respectfully submitted that the Receiver has violated the express terms of the TRO. Under these circumstances, this Court should hold the Receiver in contempt. As explained below, the appropriate sanction is for the Court to award compensatory damages, reasonable legal fees pursuant to Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 105(a).

## FACTS

The relevant facts are not subject to any reasonable dispute. They are set forth in detail in the Affirmation in Support of Motion (the "Affirmation") filed contemporaneously herewith.

## ARGUMENT

I. **FRANK PIGNATARO AS RECEIVER SHOULD HELD IN CONTEMPT FOR VIOLATING THE TEMPORARY RESTRAINING ORDER, DATED MAY 4, 2022, SANCTIONED WITH DAMAGES AWARDED TO DEBTOR, INCLUDING ATTORNEYS' FEES, COSTS, AND DISBURSEMENTS PURSUANT TO RULES 9014 AND 9020 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND 11 U.S.C. § 105(a)**

The Receiver has engaged in a pattern of non-compliance in violation of the TRO resulting in prejudice to the Debtor and its creditors; therefore, he should be found in contempt of the TRO. The United States Court of Appeals for the Second Circuit has made the following statements concerning the elements of civil contempt:

> A court may hold a party in civil contempt for failure to comply with a court order if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner.

*CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016).

A bankruptcy court has the authority to administer its own orders. *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2021 Bankr. LEXIS 2274 * 24 (Bankr. S.D.N.Y. Aug. 20, 2021), *see Back v. LTV Corp. (In re Chateaugay Corp.)*, 213 B.R 633, 638 (S.D.N.Y. 1997). See also *In re Hoti Enterprises, L.P.*, 12 CV 8030(VB), 2013 U.S. Dist. LEXIS 62463, 2013 WL 1812197, at * 18 (S.D.N.Y. April 26, 2013) (noting that "[t]he bankruptcy court had the inherent power to enforce its own order.") *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2021 Bankr. LEXIS 2274 * 24 (Bankr. S.D.N.Y. Aug. 20, 2021).

Bankruptcy courts in the Southern District consistently interpret 11 U.S.C. § 105(a) to grant a bankruptcy court ". . . broad authority to issue contempt orders and award sanctions to enforce compliance with its orders. *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2021 Bankr. LEXIS 2274 * 34 (Bankr. S.D.N.Y. Aug. 20, 2021), *see also*, *In re Manchanda*, 2016 Bankr. LEXIS 2056, 2016 WL 3034693 at *4 (Bankr. S.D.N.Y. May 19, 2016). *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2021 Bankr. LEXIS 2274 * 33 (Bankr. S.D.N.Y. Aug. 20, 2021).

Here, the TRO is clear and unambiguous. Specifically, the TRO stated:

> Pending a hearing and determination of the Motion, the Receiver, his agents, and any other person under his direction, are temporarily restrained, and enjoined from interfering with the Debtor's business and the Debtor's ability to operate their business as Debtor in possession.
>
> Pending a hearing and determination of the Motion, the Receiver Frank Pignataro, shall not make any disbursements from, or take any action in the administration of (i) property or alleged property of the Debtor; (ii) proceeds, product, offspring, rents, or profits of such property; or (iii) property of the Debtor's estate, except to the extent that a disbursement is necessary to preserve the value of the Debtor's estate and, in such case, notice of such disbursement shall be provided in advance to the Debtor's counsel and the United States Trustee's Office.

See **Exhibit A** of the Affirmation, pg. 3, ¶¶ 2 and 3.

The language of the TRO is clear and unambiguous, yet the Receiver knowingly and willfully acted in violation of same. *Id*.

In this case, the Receiver has supplied ample proof of noncompliance with the TRO that is clear and convincing. *Id*. On June 1, 2022, at a hearing before this Court, the Receiver admitted that he was still in possession of the Debtor's property and that he was driving at least one (1) of the Debtor's trucks.

Moreover, in an email sent by the Receiver's attorney to the undesigned, the Receiver made blatantly false statements about the condition and whereabouts of the Debtor's property. For example, in an email correspondence the Receiver claimed that all of the Debtor's trucks and equipment were being safely stored at the construction yard at 2111 Albany Post Road, Montrose, NY 10548 (the "Yard"). Contrary to Mr. Pignataro's representations, only three (3) of the Debtor's vehicles were at the Yard, and two (2) of them did not start. The Yard was mostly occupied by triaxle dump trucks owned by Griffin's Landscaping, Inc., and DR Hauling.

Accordingly, the Debtor has shown clear and convincing proof of the Receiver's non-compliance with the TRO. *Id*.

Lastly, the Receiver's behavior demonstrates that he has not diligently attempted to comply in a reasonable manner with the TRO. Approximately, thirty-six (36) days have passed since the entry of the TRO, and the Receiver is still in possession of property of the Debtor. In fact, the Debtor has shown that he continues to diligently violate the TRO.

For example, the Receiver claimed that John Deere repossessed the Debtor's (1) 2014 John Deere 245G Excavator, (2) 2015 John Deere 85G Excavator, and its (3) 2015 John Deere 333E / Skid Steer. However, the Debtor has documentation that proves that said construction equipment is owned by the Debtor free and clear. See **Exhibit F** of the Affirmation.

Moreover, impound notices from John Deere clearly indicate that John Deere repossessed the Debtor's (1) 2018 524K Loader and 60" Pallet Forks, (2) 2019 85G Excavator with Aux Hydraulics with Coupler and Hydraulic Thumb, (3) 2017 333G Compact Track LDR with 84" Bucket, and (4) 2014 350 GLC Excavator. See **Exhibit G** of the Affirmation. The Receiver has not diligently attempted to comply in a reasonable manner with the TRO. *Id*.

4

Therefore, the Receiver has engaged in a pattern of non-compliance in violation of the TRO resulting in prejudice to the Debtor and its creditors; therefore, he should be found in contempt of the TRO.

An Order should be entered holding Frank Pignataro as Receiver in contempt of the TRO dated May 4, 2022, sanctions should be imposed against Frank Pignataro as Receiver, and the Debtor should be awarded its attorneys' fees, costs, and disbursements pursuant to Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 105(a).  It is respectfully submitted that the Receiver has violated the express terms of the TRO.

Accordingly, this Court should hold Frank Pignataro as Receiver in contempt and award the Debtor its attorneys' fees, costs, and disbursements because all three of the factors have been met. *See*, *In re Lehman Bros. Holdings Inc.*, 2013 Bankr. LEXIS 5076, 2013 WL 6283572, at *1 (Bankr. S.D.N.Y. Dec. 3, 2013), *aff'd sub nom. In re Lehman Bros. Holdings, Inc.*, 645 F. App'x 6 (2d Cir. 2016).

Prior to making this Motion, the undersigned contacted the Receiver's attorney numerous times to request that the Receiver comply with the TRO; however, the Receiver refused. The Receiver's continued failure to comply with the TRO has required the Debtor to unnecessarily incur fees, expenses, and costs to bring this Motion.

**WHEREFORE**, the Debtor prays for Order (I) Holding Frank Pignataro as Receiver in Contempt for Violating the Temporary Restraining Order, dated May 4, 2022; (II) Sanctioning Frank Pignataro as Receiver, and Awarding Damages to the Debtor including Attorneys' Fees, Costs, and Disbursements Pursuant to Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 105(a); (III) Directing Frank Pignataro as Receiver to immediately comply with the Temporary Restraining Order, dated May 4, 2022; (IV) imposing daily

sanctions in the amount $500.00 per day in order to compel the Receiver's compliance with the directives of the Court's TRO, and sections 543 and 362(a) of the United States Bankruptcy Code; and (V) granting such other relief as the Court deems just and proper.

Dated: White Plains, NY
June 10, 2022

                                      Respectfully submitted,

By:    */s/ James J. Rufo*
       James J. Rufo, Esq.
       The Law Office of James J. Rufo
       *Proposed Attorney for the Debtor*
       1133 Westchester Avenue, Suite N-202
       White Plains, NY 10604
       (914) 600-7161
       jrufo@jamesrufolaw.com