WILLIAM K. HARRINGTON                          HEARING DATE: June 24, 2022[1]
United States Trustee for Region 2             HEARING TIME: 10:00 am
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500
By:   Greg M. Zipes, Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                        Case No. 22-22205 (SHL)
In re

CASABELLA CONTRACTING
OF NY, INC.,
                                                        Chapter 11
                        Debtor.

-------------------------------------------------------x

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon this notice of motion, the declaration of James Gannone, and the accompanying memorandum of law, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee") will move this Court before the Honorable Sean H. Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408, on June 24, 2022 at 10:00 a.m., or as soon thereafter as counsel can be heard, for an order converting this case to one under Chapter 7 of the Bankruptcy Code or dismissing this Chapter 11 case and for such other and further relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE,** that any responsive papers should be filed with the Court, and personally served on the United States Trustee, at the United States Federal Office

---

[1] The Court authorized the United States Trustee to file this motion on shortened notice at a hearing on June 15, 2022.

Building, 201 Varick Street, Suite 1006, New York, New York 10014, to the attention of Greg M. Zipes, Esq., no later than the objection deadline set forth above. Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
       June 16, 2022

                                WILLIAM K. HARRINGTON,
                                UNITED STATES TRUSTEE

                     ***By:***   ***/s/ Greg M. Zipes***
                                Greg M. Zipes, Trial Attorney
                                201 Varick Street – Suite 1006
                                New York, New York 10014
                                Tel. No. (212) 510-0500
                                Fax. No. (212) 668-2255

WILLIAM K. HARRINGTON
United States Trustee for Region 2
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500
By:   Greg M. Zipes,
      Tara Tiantian
      Trial Attorneys

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re

CASABELLA CONTRACTING
OF NY, INC.,

Debtor.

---------------------------------------------------------x

Case No. 22-22205 (SHL)

Chapter 11

## MOTION FOR AN ORDER
## TO CONVERT OR DISMISS CHAPTER 11 CASE

TO:    THE HONORABLE SEAN H. LANE,
       UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), upon the Motion and the Declaration of James Gannone, in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), does hereby move this Court pursuant to section 1112(b) of the Bankruptcy Code for entry of an order converting the case to one under Chapter 7 of the Bankruptcy Code or dismissing this chapter 11 case.  In support of the Motion, the United States Trustee respectfully alleges as follows:

### I. PRELIMINARY STATEMENT

The Debtor has failed to demonstrate that it has insurance nearly two months into this bankruptcy case.  This alone is a basis to convert or dismiss this case.  Moreover, the Debtor

1

may be operating a business and renting to tenants on its properties. The Debtor lists no leases on its schedules but has separately stated that there are bungalows and apartments on its properties. Proof of insurance is especially important given the significant questions regarding the Debtor's business affairs.

More generally, and as demonstrated by the lack of insurance, the Debtor has failed to demonstrate that it can operate as a fiduciary. In addition to the deficiencies in the petition, the Debtor has not yet accounted for Paycheck Protection Program ("PPP") loans and is facing significant prepetition lawsuits from creditors for non-payment, including to union employees. And pursuant to 11 U.S.C. § 1116(1), a small business debtor is required to file financial statements and federal income tax returns, as the docket indicates in this case, by May 9, 2022. To date, such documents have not been filed. Moreover, the Debtor has not filed its monthly operating report for April 2022 (the "**April MOR**") or May 2022 (the "**May MOR**"), both of which are past due. The Debtor appears to be marketing at least one property without a court order. The Debtor's failures to abide by its fiduciary duties are also grounds to convert or dismiss this case.

## II. FACTUAL BACKGROUND

### A.    The Initial Filings in this Case

1. On April 25, 2022 (the "**Petition Date**"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code (the "**Petition**"), schedules (the "**Schedules**"), and the Statement of Financial Affairs (the "**SOFA**"). See Gannone Decl. Ex. A. The Debtor lists itself as a small business debtor as defined in 11 U.S.C. § 101(51D). ECF No. 1.

2. The Petition was signed by Laura Marcela Pignataro ("**Marcela**"), the Debtor's sole shareholder and owner.

2

3. The Petition does not list any property owned or rented by this Debtor, but the Debtor lists 182 Lindsey Avenue, Buchanan, NY 10511 as a business address (the "**Lindsey Property**") and the Debtor lists off-premises storage as located at 2111 Albany Post Road, Montrose, NY 10548 (the "**2111 Property**," and collectively, the "**Properties**").  See Petition; SOFA at 20.1.

4. According to the Local Rule 1007-2 Affidavit (the "**Local Rule 1007-2 Affidavit**"), the Debtor is a construction and general contracting company that performs residential and commercial building renovations, carpentry, floor work, commercial construction, drainage contracting, and excavation contracting. ECF No. 5.  See Gannone Decl. Ex. B.

5. According to the Local Rule 1007-2 Affidavit, the Debtor entered into collective bargaining agreements with approximately nine (9) trade unions in New York. From 2012 to 2019, the Debtor maintained a staff from fifteen (15) to fifty (50) employees, with an office and a staff ranging from six (6) to nine (9) employees. Id.

6. According to the Local Rule 1007-2 Affidavit, the Debtor was the defendant in at least 10 lawsuits for alleged nonpayment of employees and contractors.  Id., ¶ 11

7. On or about April 27, 2020, according to the Debtor, the Debtor received a PPP loan in the amount of $1,361,412.00, from the Small Business Administration ("SBA").  According to the Debtor, PPP loan was forgiven.  Id.

8. On or about January 20, 2021, according to the Debtor, the Debtor received another PPP loan in the amount of $1,361,412, from the SBA. Id.

    **B.**    **The Failure to Provide Insurance, other Information, and the Deposition of the Receiver**

9. The Debtor has not provided proof of insurance in connection with the business or the Properties. The Debtor may have an operating business, and the Property may have tenants. See Gannone Decl. at ¶ 8. Most recently, at a hearing on June 15, 2022 (the "**June 15 Hearing**"), the Debtor acknowledged it had no insurance.

3

10. On June 13, 2022, counsel for the United States Trustee conducted the deposition of Frank Pignataro ("**Frank**" or the "**Receiver**"). According to the Local Rule 1007-2 Affidavit, on August 13, 2021, Frank filed for divorce against Marcella in the Westchester Country Supreme Court. On September 24, 2021, the Hon. Lewis J. Lubell appointed Frank as the temporary receiver of the Debtor.

11. At the deposition, the Receiver testified that, after he was appointed as the Receiver, he went to the Debtor's office at the 2111 Property in or around October 2021 and found the main computer was gone, all the computers in the secretary's office were gone, and the file cabinets with payroll documents were gone. He also testified that when he got there all the employees had quit and the only person working there was the Debtor's principal, Marcela. See Tr. 28: 10-29:3.[2]

12. It appears that the Debtor's insurance coverage was cancelled in September 2021. See Tr. 34:9-10 ("when I became receiver [in September 2021], the insurance was already canceled").

13. Pursuant to 11 U.S.C. § 1116(1), a small business debtor is required to file financial statements and federal income tax returns, as the docket indicates in this case, by May 9, 2022. To date, such documents have not been filed. See Gannone Decl. at ¶ 13.

14. The Debtor has not filed the April MOR, which is the only MOR due after the Petition Date. The due date was May 15, 2022. Id. at ¶ 14.

15. It appears the Debtor is marketing the Lindsey Property without a court order. Id. at 15.

---

[2] The United States Trustee is prepared to offer the deposition transcript to the extent anyone disputes the recitation of excerpts from the deposition, or if the Court requests it.

## III. DISCUSSION

### A.    The Governing Law

As amended by the Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327 (Dec. 22, 2010), section 1112(b)(1) of the Bankruptcy Code states, in pertinent part:

> the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the
>
> estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

Section 1112(b)(4) contains sixteen examples of events that constitute cause for dismissal. *In re FRGR Managing Member*, LLC, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009). The list of events under subsection (b)(4) is not exhaustive and courts may consider other factors. *Id.; see also In re BH S & B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) ("Subsection (b)(4) contains sixteen examples of events that may constitute cause[;] this list, however, is not exhaustive and courts are free to consider other factors."). The burden of demonstrating such cause rests with the moving party. *In re BHS & B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010); *In re Ameribuild Const. Mgmt., Inc.*, 399 B.R. 120, 132 (Bankr. S.D.N.Y. 2009).

### B.    The Debtor Has Failed to Maintain Insurance

Pursuant to § 1112(b)(4)(C), a Chapter 11 case can be dismissed or converted if the debtor's "failure to maintain appropriate insurance . . . poses a risk to the estate or to the public." When a debtor owns real property with structures, § 1112(b)(4)(C) requires that the debtor maintain casualty and liability insurance to protect the estate and the public. *In re Delta AG Grp., LLC*, 596 B.R. 186, 196 (Bankr. W.D. La. 2019) (failure to maintain insurance for grain storage facilities is grounds for dismissal); *Gilroy v. Ameriquest Mortgage Co.,* No. NH 07-054, 2008 WL

5

4531982 (1st Cir. BAP Aug. 4, 2008) (failure to maintain property and liability insurance for five condominiums constitutes cause for dismissal); *Derivium Capital LLC v. U.S. Trustee*, No. 5 Civ. 10845, 2006 WL 1317021, *11 (S.D.N.Y. May 12, 2006) (affirming the bankruptcy court's decision to convert a chapter 11 case partially because the debtor lacked proper insurance coverage); *In re Van Eck*, 425 B.R. 54, 60-61 (Bankr. D. Conn. 2010) (finding that cause existed in part, because the debtor failed to show that there was insurance on residential property he owed.).

In this case, the Debtor has conceded at the June 15 Hearing that it lacks insurance. Also, the United States Trustee has made numerous requests that the Debtor provide insurance. See Gannone Decl. at ¶ 8. At one time, the Debtor maintained a staff from fifteen (15) to fifty (50) employees, with an office and a staff ranging from six (6) to nine (9) employees. See Gannone Decl. Ex. B. The Debtor's obligations to these employees remains unknown, and the Debtor may have insurance obligations in connection with these employees. Because the Debtor may be operating and may have tenants in its Properties, proof of insurance is necessary.[3]

    **C.**    **The Debtor Has Failed to Act as a Fiduciary**

A debtor-in-possession is a fiduciary. *In re Innkeepers USA Trust*, 442 B.R. 227, 235 (Bankr. S.D.N.Y. 2010) ("In a bankruptcy case, it is 'Bankruptcy 101' that a debtor and its board of directors owe fiduciary duties to the debtor's creditors to maximize the value of the estate . . ."). Failure of a debtor to properly report its financial affairs constitutes evidence of "gross mismanagement" under § 1112(b)(4)(B). *In re Halal 4 U LLC*, 2010 WL 3810860, *4 (Bankr. S.D.N.Y. 2010). Section 1112(b)(4)(H) establishes that "failure timely to provide information or attend meetings reasonably requested by the United States Trustee" constitutes

---

[3] There was a discussion at the June 15 Hearing that a creditor may obtain forced place insurance. The purpose of this insurance is limited and not a substitute for the Debtor to obtain insurance,

cause for conversion or dismissal. 11 U.S.C. § 1112(b)(4)(H).

The Debtor has failed to demonstrate that it can operate as a fiduciary. As already noted, the Debtor listed the Properties on the Petition but failed to disclose any ownership interests or lease interests in those Properties on Schedule G or otherwise. See Gannone Decl. Ex. A.

In addition to the deficiencies in the Petition, the Debtor has not yet accounted for Paycheck Protection Program ("PPP") loans and is facing significant lawsuits from creditors for non-payment, including union employees. See Gannone Decl. Ex. B (listing lawsuits).

Pursuant to 11 U.S.C. § 1116(1), a small business debtor is required to file financial statements and federal income tax returns, as the docket indicates in this case, by May 9, 2022. To date, such documents have not been filed. Moreover, the Debtor has not filed its April MOR. The Debtor appears to be marketing the Lindsey Property without a court order. See Gannone Decl. Ex. C. The Debtor's failures to abide by its fiduciary duties are also grounds to convert or dismiss this case.

## IV. CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting a case to one under a Chapter 7 case and dismissing this chapter 11 case, pursuant to 11 U.S.C. 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
      June 16, 2022

    Respectfully submitted,

    WILLIAM K. HARRINGTON
    UNITED STATES TRUSTEE, REGION 2

By:    */s/ Greg M. Zipes*
    Greg M. Zipes
    Tara Tiantian
    Trial Attorneys