WILLIAM K. HARRINGTON
United States Trustee for Region 2
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500
By:   Greg M. Zipes, Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re

CASABELLA CONTRACTING
OF NY, INC.,

                          Debtor.

-----------------------------------------------------------x

Case No. 22-22205 (SHL)

(Chapter 11)

## DECLARATION OF JAMES GANNONE IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS THE CASE

TO:    THE HONORABLE SEAN H. LANE,
          UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, James Gannone declares as follows:

1.    I am an auditor in the Office of the United States Trustee for Region 2 (the "United States Trustee").  I am assigned to this matter by my office and as such, I have knowledge and information about this Chapter 11 bankruptcy case.  I submit this Declaration in support of the motion of the United States Trustee for an order converting or dismissing the case of Casabella Contracting of NY, Inc. (the "Debtor").

1.    My review of the docket shows that on April 25, 2022 (the "**Petition Date**"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code (the "**Petition**"), schedules (the "**Schedules**"), and the Statement of Financial Affairs (the "**SOFA**").  The Debtor listed itself as a small business debtor as defined in 11 U.S.C. § 101(51D). ECF No. 1.  Copies of the Petition, Schedules and SOFA are attached as Exhibit A.

2. The Debtor is operating and managing its affairs as a Debtor in Possession under Sections 1107 and 1108 of the Bankruptcy Code.

3. According to the Local Rule 1007-2 Affidavit (the "**Local Rule 1007-2 Affidavit**") signed by the Debtor's president and sole shareholder Laura Marcela Pignataro ("**Marcela**"), the Debtor is a construction and general contracting company that performs residential and commercial building renovations, carpentry, floor work, commercial construction, drainage contracting, and excavation contracting. ECF No. 5. A copy of the Local Rule Affidavit is attached as Exhibit B.

4. On or about April 27, 2020, according to the Debtor, the Debtor received a Paycheck Protection Program ("PPP") loan in the amount of $1,361,412.00, from the Small Business Administration ("SBA"). According to the Debtor, PPP loan was forgiven. ECF No. 5 (Local Rule 1007-2 Affidavit).

5. On or about January 20, 2021, according to the Debtor, the Debtor received another PPP loan in the amount of $1,361,412, from the SBA. ECF No. 5 (Local Rule 1007-2 Affidavit).

6. According to the Local Rule 1007-2 Affidavit, the Debtor entered into collective bargaining agreements with approximately nine (9) trade unions in New York. From 2012 to 2019, the Debtor maintained a staff from fifteen (15) to fifty (50) employees, with an office and a staff ranging from six (6) to nine (9) employees. ECF No. 5.

7. The Petition does not list any property owned or rented by this Debtor, but the Debtor lists 182 Lindsey Avenue, Buchanan, NY 10511 as a business address (the "**Lindsey Property**") and the Debtor lists off-premises storage as located at 2111 Albany Post Road, Montrose, NY 10548 (the "**2111 Property**," and collectively, the "**Properties**"). See Petition; SOFA at 20.1. Further, Debtor lists that its business address is at 182 Lindsey. Local Rule 1007-02 Affidavit.

8. My records reflect that despite repeated requests, the Debtor has not provided proof of insurance in connection with the business or the Properties. The Debtor may have an operating business, and the Property may have tenants. I base my conclusions in this paragraph upon emails I have sent, my

conversations at the Initial Debtor Interview in this case, and a review of lapsed insurance policies. A lapsed insurance policy shows insurance for general liability, as well as vehicles and other items associated with a business. At this time, I assume the Debtor is not insured.

9. According to the Local Rule 1007-2 Affidavit, the Debtor was the defendant in at least 10 lawsuits as a defendant relating to its business. See Local Rule 1007-2 Affidavit, ¶ 11.

10. On June 13, 2022, counsel for the United States Trustee conducted the deposition of Frank Pignataro ("**Frank**" or the "**Receiver**"). According to the Local Rule 1007-2 Affidavit, on August 13, 2021, Frank filed for divorce against Marcella in the Westchester Country Supreme Court. On September 24, 2021, the Hon. Lewis J. Lubell appointed Frank as the temporary receiver of the Debtor.

11. At the deposition, the Receiver testified that, after he was appointed as the Receiver, he went to the Debtor's office at the 2111 Property in or around October 2021 and found the main computer was gone, all the computers in the secretary's office were gone, and file cabinets with payroll documents were gone. He also testified that when he got there all the employees had quit and the only person working there was the Debtor's principal, Marcela. See Tr. 28: 10-29:3.

12. According to Frank, the Debtor's insurance coverage was cancelled in September 2021. See Tr. 34:9-10 ("when I became receiver [in September 2021], the insurance was already canceled").

13. Pursuant to 11 U.S.C. § 1116(1), a small business debtor is required to file financial statements and federal income tax returns, as the docket indicates in this case, by May 9, 2022. To date, such documents have not been filed.

14. The Debtor to date has not filed the monthly operating reports (the "**MOR**") for April 2022, and May 2022 that are due on the 15th of each month.

3

15. It appears the Debtor is marketing the Lindsey Property without a court order. I attach the listing which I caused to be downloaded today as Exhibit C.

I declare under penalty of perjury that the information contained in this Declaration is true and correct.

Dated: New York, New York
June 16, 2022

By: */s/ James Gannone*
James Gannone
Bankruptcy Auditor