# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────X
IN RE:

CASABELLA CONTRACTING OF NY, INC.,

        Debtor.
───────────────────────────────X

Case No. 22-22205-SHL
CH. 11

### ORDER ENTERING TEMPORARY RESTRAINING ORDER AND SCHEDULING HEARING ON DEBTOR'S MOTION PURSUANT TO SECTION 543 OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "Motion") of Casabella Contracting of NY, Inc. (the "Debtor"), the Debtor and Debtor-in-Possession in the above captioned case, for entry of an order, pursuant to Section 543 of the Bankruptcy Code, directing Frank Pignataro, the interim receiver (the "Receiver") to deliver the Debtor's property to the Debtor and enjoining the Receiver and all others acting in concert with him or under his direction, from interfering with the Debtor's operations and property; and upon the Debtor's request for the issuance of a temporary restraining order and preliminary injunction pursuant to Sections 105(a), 362(a), 363, and 543 of the Bankruptcy Code and Rule 7065 of the Federal Rules of Bankruptcy Procedure; it is hereby FOUND AND DETERMINED, that

1. The legal and factual grounds set forth in the Motion establish cause for the relief granted herein. The Debtor has demonstrated sufficiently serious questions as to the merits which constitute fair grounds for litigation and the balance of the hardships tips decidedly to the party requesting relief. *Vantico Holdings S.A. v. Apollo Mgmt.*, 247 F. Supp. 2d 437, 451 (S.D.N.Y. 2003).

2. Failure to enter this Order is likely to cause immediate and irreparable injury to the Debtor.

3. The serious and irreparable harm to the Debtor and the estate from failure to issue this Order far outweighs any harm to the Receiver.

4. Issuance of this Order preserves the status quo pending a hearing on the Motion.

5. Issuance of this Order appears necessary to protect the interests of all parties in interest in this Chapter 11 case and serves the public interest by preventing harm to the Debtor's reorganization efforts and its estate.

IT IS THEREFORE ORDERED that

1. The Motion is granted to the extent set forth herein.

2. Pending a hearing and determination of the Motion, the Receiver, his agents, and any other person under his direction, are temporarily restrained, and enjoined from interfering with the Debtor's business and the Debtor's ability to operate their business as Debtor in possession.

3. Pending a hearing and determination of the Motion, the Receiver Frank Pignataro, shall not make any disbursements from, or take any action in the administration of (i) property or alleged property of the Debtor; (ii) proceeds, product, offspring, rents, or profits of such property; or (iii) property of the Debtor's estate, except to the extent that a disbursement is necessary to preserve the value of the Debtor's estate and, in such case, notice of such disbursement shall be provided in advance to the Debtor's counsel and the United States Trustee's Office.

4. For the avoidance of doubt, all proceedings involving the Debtor pending in any other court are hereby stayed pursuant to Section 362(a) of the Bankruptcy Code until further order of this Court.

5. The Court will conduct a hearing in connection with this Motion by Zoom on May 12, 2022 at 2:00 p.m. (the "Hearing").

6. Objections to the Motion, if any, should be filed on the docket by 5:00 pm on May 11,

2022, or may be stated on the record at the Hearing.

7. Debtor's counsel, shall serve a copy of this Order, and the Motion by May 4, 2022 by overnight mail and email, if known, to: (i) the Receiver, Frank Pignataro; (ii) State Court attorneys for the Receiver, Mackey, Butts & Whalen, attn: Joshua E. Mackey; (iii) the Receiver's bankruptcy attorney, Todd Cushner; and (iv) the United States Trustee.

Dated: White Plains, New York
      May 4, 2022

                                              */s/ Sean H. Lane*
                                              UNITED STATES BANKRUPTCY JUDGE