Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorneys for Frank Pignataro*
399 Knollwood Road, Suite 205
White Plains, New York 10603
(914) 600-5502 / (914) 600-5544
todd@cushnerlegal.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

IN RE:                                                             CHAPTER 11

      CASABELLA CONTRACTING OF N.Y. INC.,     CASE NO. 22-22205 SHL

                                DEBTOR
-------------------------------------------------------------X

## THE RECEIVER FRANK PIGNATARO'S OBJECTION TO DEBTORS MOTION FOR CONTEMPT AND FOR SANCTIONS

The Receiver FRANK PIGNATARO (the "Receiver"), by and through its attorney, Todd S. Cushner, Esq. of Cushner & Associates, P.C., hereby submits this Objection (the "Objection") to the Debtor's Motion for an Order for Contempt and Sanctions 7 (the "Motion") pursuant to Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure. In opposition of the Motion, the Receiver represents as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this court pursuant to 28 U.S.C.

### BACKGROUND

3. The receiver Frank Pignataro was appointed as Receiver in September 25th of 2021 by the Hon. Lewis Lubell of the Supreme Court State of New York County of Westchester during a contested divorce proceeding in where Justice Lubell determined that Mr. Pignatara was

better qualified to run Casabella Contracting although his estranged wife was the sole shareholder and Chief Operating Officer.

## ARGUEMENT

4. When the Receiver took over the company, he found that the physical assets of the company were scattered and, in some cases, abandoned or removed. Specifically, the main computers had been removed from the premises. More importantly, the debtor had been terminated on all of its jobs, the bonding company had stepped in to complete abandoned jobs and the insurance policies had all been cancelled. See Exhibit A

5. Please note that all of the cancellations predated the receiver's appointment. Therefore, the Receiver did not operate the business, was unable to get insurance which had been allowed to lapse by Debtor and had no idea what his estranged wife had done the tangible assets of the company.

6. When the Chapter 11 petition was filed by this debtor, and by the companion debtors, the receiver on advice from counsel chose not to contest the filings but rather to cooperate knowing that the debtor would be accountable to this court and the office of The United States Trustee.

7. The Receiver has cooperated and continues to cooperate to the extent that he has knowledge. The receivership has been brief: a total of seven (7) months. From a business point of view uneventful. No business was conducted, three pickup trucks were sold for approximately $4500.00, to reimburse workers for their health insurance premiums which the debtor wrongfully deducted from their paychecks. The deposits and disbursements were recorded in the debtors' checking statements which were supplied to the attorneys for the debtor.

2

8. The location of any physical assets belonging to debtor have long since been imparted to debtor's counsel. The Receiver has expended a tremendous amount of time and has paid out and incurred substantial legal fees for his own counsel in an effort to cooperate with debtor's counsel. Rather than cooperation debtor filed the instant motion disingenuously stating that the receiver has not cooperated when in fact the opposite is true.

9. A Summary of the requests set forth in the motion and the responses there to follows

| | | |
|---|---|---|
| i. | Login for the drop box account. | Provided |
| ii. | Corporate documents. | Taken by debtor prior to receivership. |
| iii. | Contracts from Jan 1 2020 to date. | Provided by drop box login |
| iv. | Estimates from Jan 1 2020 to date. | Provided by drop box login |
| v. | Contract proposals from Jan 2020 to date. | Provided by Drop box login |
| vi. | Vehicles and equipment insurance info. | All insurance lapsed |
| vii. | Keys to Vehicle at Yard | All located at the yard |
| viii. | Keys to Debtors office | in possession of the Realtor |
| ix. | Location of vehicles | at the yard |
| x. | Billing Invoices for vehicles and equipment at the yard | |
| xi. | Login for Blue Iris Cam system | Never in possession of receiver |
| xii. | A list of all bank accounts w/ acct numbers | Statements given to debtor's counsel |

3

| | | |
|---|---|---|
| xiii. | Login info for QuickBooks debtor's counsel | Passcode was given to |
| xiv. | List of receivables and Payables | In possession of the debtor |
| xv. | Current accounts receivable | In QuickBooks |
| xvi. | Current Accounts Balance | in QuickBooks |
| xvii. | Current Balance sheet | In QuickBooks |
| xviii. | Access to QuickBooks counsel | Login given to debtor's |
| xix. | Access to drop box | Provided |
| xx. | Access to Bank accounts | Debtor to contact Orange Bank for access as receiver has his own login for his Landscaping Business |
| xxi. | Status of Taxes | Debtor has not filed |

10. With respect to the Debtors computer server, these had all been removed from the premises prior to the receivership which was the basis For Judge Lubell's appointing Mr. Pignataro as receiver. See exhibit B. Exhibit B, the order to show cause in where The Honorable Judge Lubell makes clear that the Receiver was appointed as Receiver, (not temporary Receiver ) with no limitation on his authority and in fact was granted " full and sole authority to manage and effectuate all of the affairs of Casabella Contracting on NY Inc". To suggest that the Receiver in some way exceeded his very broad authority is simply wrong and is a thinly veiled effort by the debtor to shift the blame for the failures of this Debtor, Laura Pignataro to her estranged husband Frank.

11. The receiver acknowledges that he had possession of one 2018 Dodge Ram which was used to take the parties children to school on a daily basis with permission of the debtor. This vehicle has subsequently been returned.

12. Debtors counsel has made claims that the receiver is still in possession of debtor's vehicle and equipment as follows along with the receivers reply

| | | |
|---|---|---|
| i. | 2014 Dodge Ram | Retuned to the yard |
| ii. | 2003 GMC Sierra | In Hartsdale, requires towing |
| iii. | 2012 Yanmar Excavator | Belongs to Landscaping Co |
| iv. | 2014 Bob cat 650 | Belongs to Landscaping Co |
| v. | 2017 Volvo Dump Truck | Personal possession of Pignatura |
| vi. | 2007 Cotra Trailer | Belongs to Landscaping Co |
| vii. | 2009 Diamond Cargo trailer | Personal possession of Pignataro |
| viii. | 2012 Nissan UD 23 DH | In Peekskill, NY needs towing |
| ix. | 2014 John Deere 245G Excavator | Belongs to Landscaping Co. |
| x. | 2015 John Deere 85G Excavator | Belongs to Landscaping Co |
| xi. | 2015 John Deere 333e/ Skid Steer | Repossessed in 2021 |

13. The Debtor counsel offers UCC's as explanation however this explanation is inaccurate as there were multiple units of the same make and model some owned by Casabella Landscaping and some owned by Casabella Contracting.

14. Additionally, debtor claims ownership of the following vehicles 2014 Bobcat Skid Steer, 1 snow plow and a Western Tornado Salt Spreader all of which the Receiver states belongs to his company Casabella Landscaping

5

15. Debtors claim of waste is purely hearsay with no proof provided of any waste as all transfer have been recorded.

16. The Receiver wishes that he was able to deliver the computers removed from the premises by the debtor, as it will exculpate him from any wrong doing.

17. Debtors claim that "she suspects" that the receiver may have usurped business opportunities and contract belonging to the debtor for the benefit of his Landscaping business is an impossibility as Casabella Landscaping is a non-Union shop whereas Casabella Contracting is strictly a union shop. As such this is just not possible.

18. As pointed out in these papers Mr. Pignataro has been set up as a scapegoat for the mis-doings of the debtor. Many of the vehicles described above are over 12 years old and many have long exceeded their usefulness and have little to no par value. Mr. Pigantaro is not hiding any assets and is fully cooperating with respect to the extent of his knowledge. The only violation Mr. Pignataro can be accused of is using a vehicle to take the parties children to school on a daily basis as he has full possession of them. The debtor had benefitted from this arrangement but as previously stated, that vehicle has subsequently been returned.

19. .In the spirit of further cooperation the Receiver has offered to willingly submit to a 2004 examination by the Debtors counsel. We are currently negotiating a stipulation which will shield from the debtor's examination the corporate records of Casabella Landscaping and Frank Pignataro personally. If we cannot agree on parameters for document production, we will seek the assistance of this court.

## CONCLUSION

20. This Debtor is running a fire sale of assets that border on worthlessness, there is a reason why debtor is fighting so hard to remain in chapter 11 rather than convert the case to

6

chapter 7 as the US Trustee has properly suggested. There are several reasons for Debtors behavior but the most blatant is the attempt by Laura Pigntaro to avoid the scrutiny of a chapter 7 Trustee. Should this court appoint a Chapter 7 Trustee, the Receiver's actions will also be subject to examination by such Trustee, and Mr. Pignataro welcomes such inquiry

21. The Receiver is clearly not in contempt and continues to reply to all inquiries as to specific asset and or documents relating to this debtor.

**WHEREFORE**, the RECEIVER respectfully requests that this court deny the order granting Contempt of Court with Sanctions; and willing accepts any further relief as this Court deems just and proper.

Dated: White Plains, New York
  July 1 , 2021

Respectfully submitted,

By: /s/ Todd S. Cushner
Todd S. Cushner, Esq.
Cushner & Associates, P.C
*Attorneys for Receiver*
399 Knollwood Road, Suite 205
White Plains, New York 10603
T: (914) 600-5502 / F: (914) 600-5544
todd@CushnerLegal.com