**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
IN RE:                                                                                        CHAPTER 11

CASABELLA CONTRACTING OF N.Y., INC.,                         CASE NO. 22-22205 (SHL)

DEBTOR
------------------------------------------------------------X

### ORDER AUTHORIZING CASABELLA CONTRACTING OF N.Y., INC. TO RETAIN THE LAW OFFICE OF JAMES J. RUFO AS ATTORNEY FOR THE DEBTOR AND DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO APRIL 25, 2022

Upon the annexed application of the debtor and debtor-in-possession Casabella Contracting of N.Y., Inc. (the "Debtor") requesting authorization to employ The Law Office of James J. Rufo under a general retainer, (dated April 6, 2022) as counsel to represent Casabella Contracting of N.Y., Inc. *nunc pro tunc* to April 25, 2022, dated April 22, 2022 (the "Application"); the annexed affidavit of James J. Rufo, Esq., sworn to on April 25, 2022; and it appears that The Law Office of James J. Rufo represents no interest adverse to the Estate in the matters upon which The Law Office of James J. Rufo will be engaged; and that the employment of The Law Office of James J. Rufo is necessary and would be in the best interest of the Estate; and that this is a case justifying a general retainer; and that The Law Office of James J. Rufo is a disinterested person within the meaning of Bankruptcy Code Sections 101(14) and 327(a); it is

**ORDERED**, that the Application is granted as set forth herein; and it is further

**ORDERED**, that pursuant to § 327(a) of the Bankruptcy Code, the Debtor is authorized to retain James J. Rufo, Esq. and The Law Office of James J. Rufo as his attorneys in this case *nunc pro tunc* to April 25, 2022; and it is further

**ORDERED**, that the compensation and reimbursement of expenses of The Law Office of James J. Rufo shall be sought upon, and paid only upon an order granting, a proper application

pursuant to §§ 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rule and fee and expense guidelines and orders of this Court; and it is further

**ORDERED**, that at least ten (10) days before implementing any increase in the rates of The Law Office of James J. Rufo professionals providing services in this case, The Law Office of James J. Rufo shall file and serve the United States Trustee and any official committee a supplemental affidavit providing justification for any such rate increases and stating whether the Debtor has agreed to them. All parties in interest retain the right to object to any rate increase on any grounds; and it is further

**ORDERED**, that The Law Office of James J. Rufo shall apply any remaining amounts of its prepetition retainer as credit toward post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to The Law Office of James J. Rufo; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising out of the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the supporting Affidavit, the terms of the Order shall govern.

Dated: July 7, 2022                     */s/ Sean H. Lane*
                                        Honorable Sean H. Lane
                                        United States Bankruptcy Judge

NO OBJECTION:

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Greg Zipes*
    Greg Zipes, Esq.
    Trial Attorney
    Office of the US Trustee